PEOPLE, PLAINTIFF AND APPELLEE, v. FIGUEROA, DEFENDANT
AND APPELLANT.

APPEAL from the District Court of Humacao in a Prosecution
for Murder in the First Degree.

No. 1236.—Decided December 2, 1918.

MURDER—MOTIVE.—It is not indispensable to a conviction of murder in the first
degree that a motive be shown. There is no obligation on the part of the
Government to establish a cause or reason to explain the commission of the
crime if it clearly appears that the accused committed the murder with mal-
ice aforethought.

ID.—LYING IN WAIT.—Death caused under the circumstances set forth in section
201 of the Penal Code is murder in the first degree, and as our code, unlike
that of Texas, specifies lying in wait as one of such circumstances, the kill-
ing in the present case must be termed murder in the first degree.

ID.—INSTRUCTIONS TO JURY—EXCEPTIONS—WAIVER.—Generally when no excep-
tion is taken to the instructions of the judge to the jury, the appellate court
will not take into consideration the assignments of error referring to the
instructions unless it is convinced that such errors are fundamental. If the
attorney for the defendant had an opportunity to except to any of the in-
structions given by the judge to the jury and failed to do so, he thereby
waived any error that might exist and established the presumption that he
was satisfied with the instructions. People v. Ramírez de Arellano, 25 P. R. R.
243.

ID.—VIEW—EXCEPTION.—When the action of the district judge in viewing the
scene of the crime is not duly excepted to it is too late to raise the objec-
tion for the first time on appeal.

ID.—DEATH SENTENCE.—Under Act No. 36 of 1917 abolishing the death penalty
in Porto Rico and giving the act retroactive effect applicable to convicts
sentenced to death and whose sentences have not been executed, the judg-
ment appealed from in this case was modified to the effect that the prisoner
be sentenced for the crime of murder in the first degree to confinement in
the penitentiary for life.

The facts are stated in the opinion.

*Messrs. Carlos Travecier* and *F. Rodríguez* for the appel-
lant.

*Mr. Salvador Mestre, fiscal,* for the appellee.

MR. CHIEF JUSTICE HERNÁNDEZ delivered the opinion of
the court.

This is a case of murder in the first degree which origi-

nated in the District Court of Humacao by virtue of an information containing the following:

"The said Juan Figueroa, on one of the days of the month of March, 1917, and in the municipality of Caguas of the judicial district of Humacao, lying in wait and concealing himself under some bamboo trees near the place where Clemente Rivera had to pass in going to his home, treacherously and without warning assaulted and wounded the said Clemente Rivera with a cane knife, a deadly weapon, with the firm and decided purpose of killing him, and inflicting upon him several wounds which caused his death there and then."

The defendant pleaded not guilty. The case was tried to a jury and after hearing the pleadings, the evidence, the arguments of the parties and the instructions of the court, the jury returned a verdict finding Juan Figueroa guilty of the crime of murder in the first degree.

The court set a day for rendering the judgment and the attorney for the defendant thereupon filed a motion for a new trial on the ground that the verdict was contrary to the evidence and that the instructions of the court were of such a nature as to oblige the jury to find a verdict of guilty. The district attorney opposed the said motion on the ground that it did not set up facts sufficient to support it and after hearing the parties it was overruled by the court. On June 9, 1917, the court rendered judgment sentencing the prisoner to death.

From that judgment the defendant appealed to this court.

The brief presented to this court by the attorney for the appellant contains no special assignment of errors, as is required by Rule 43 of the court, nor did the attorney appear to argue the case at the hearing. It is alleged, in synopsis, that in cases of lying in wait the motive must be clearly established in order that the crime may be classified as murder in the first degree, because murder committed by lying in wait is not per se murder in the first degree, citing Wharton on Homicide, p. 157. It is added that the court's instruc-

tions to the jury show on their face that they were fatal to the defense and that among the acts of the court none could have influenced the jury against the prisoner more than the words addressed by the judge to witnesses Fe Díaz and her mother at the place of the occurrence.

It is not indispensable to a conviction that a motive should appear.   3 Bishop's New Crim. Proc. p. 1616, sec. 629.   We see no reason why that doctrine should not be applicable to cases of murder committed by lying in wait if that fact is established by the evidence, the weighing of which rests exclusively with the jury.   Certainly man as a rational being, when not a lunatic, is always actuated by some motive, good or bad, moral or immoral, right or wrong, but this does not prevent his committing acts for which he is responsible although his motives are undiscovered.   There is no obligation on the part of the Government to establish an adequate cause or reason for the commission of the crime if it clearly appears that the homicide was committed by the defendant with malice and after premeditation and deliberation.   *People* v. *Rivera,* 25 P. R. R. 776.

Section 201 of our Penal Code, following the California code, provides clearly that ''murder which is perpetrated by means of poison, lying in wait, torture, or by any other kind of wilful, deliberate and premeditated killing, or which is committed in the perpetration or attempt to perpetrate arson, rape, robbery, burglary, or mayhem, is murder of the first degree.''   The reason for this is that in these cases there exists deliberate and premeditated malice which is the essential element of the crime of murder in the first degree.

A death caused under the said circumstances constitutes *per se* murder in the first degree.   The California code differs from the Texas code, for among the circumstances specified for classifying murder as of the first degree *per se,* lying in wait is not included in the latter code.

In closing his instructions to the jury the trial judge expressed himself as follows:

"In short, gentlemen of the jury, if you believe and believe beyond all reasonable doubt that it has been proved here that this defendant lay in wait for Clemente Rivera, or what is the same thing, concealed himself behind some bamboo trees, as is alleged in the information, so that he could not be seen by his victim, and being so concealed and hidden for the purpose of attacking his victim, did attack him under circumstances which prevented the victim from anticipating the attack, from behind, treacherously, and in such a manner that his victim could not know of the attack and that as a consequence of that attack Clemente Rivera died then and there, you will have, by reason of those facts alone, sufficient grounds for returning a verdict of murder in the first degree against the accused, and the district attorney is not obliged to prove the prisoner's motive for committing the crime, nor is the district attorney obliged to prove premeditation or deliberation in an express manner, because these elements are inferred from the means used by the defendant for committing the crime when he perpetrated it by lying in wait. If you are of the opinion that this defendant did not commit the crime, or if you have a reasonable doubt that he committed it, or if you have a reasonable doubt that he was at the place where the crime was committed, you should acquit him."

The oral evidence introduced by the district attorney, consisting mainly of the testimony of Fe Díaz and her mother, Filomena Díaz, tends to show that the accused killed Clemente Rivera in the manner alleged by the district attorney in his information and described by the judge in his instructions to the jury, while the evidence of the defendant tends to show that he could not be responsible for the crime charged against him because he was at another place when it was committed. The evidence was contradictory. By their verdict the jury decided the conflict against the defendant, and this court will not disturb their finding because it has not been shown that the jury acted under the influence of passion, partiality, prejudice, or manifest error. as settled by the repeated holdings of this court.

No exception was taken to the judge's instructions to the jury, and in accordance with the invariable jurisprudence of this court, it will not generally consider errors in connection with the instructions unless exceptions were taken, except when it is convinced that the errors are fundamental. The attorney for the accused is the best judge of whether the court allowed him all of his rights, and in this case, after charging the jury, the judge asked the parties whether they had any instructions to submit, the answer being in the negative without any comment upon or objection to the instructions already given. Thus they waived any error that might exist and established the presumption that they were satisfied with the instructions. *People* v. *Ramírez de Arellano*, 25 P. R. R. 243.

The action of the judge in viewing the scene of the crime, which is complained of by the appellant in his brief, was not excepted to in the proper manner and it is too late to object thereto for the first time on appeal.

It is not enough to allege that the court's instructions to the jury were fatal to the defense, for it was the province and duty of the attorney for the accused to oppose them in the proper manner by stating his objections and taking exceptions in the lower court, which he did not do.

We have carefully examined the instructions and the evidence introduced at the trial and do not find sufficient grounds for setting aside the verdict of the jury and consequently reversing the judgment rendered.

After the sentence of death was pronounced on June 9, 1917, Act No. 36 was approved on November 30, 1917, abolishing the death penalty in Porto Rico until April 30, 1921, and given a retroactive effect applicable to convicts sentenced to death whose sentences had not been executed. And an amendment to section 202 of the Penal Code provides that all persons guilty of murder in the first degree shall be punished by confinement in the penitentiary for life. Therefore, applying the said act to this case, the judgment appealed from should

be modified to the effect that for the crime of murder in the first degree the defendant shall be imprisoned in the penitentiary for life.

With that modification the judgment appealed from is

*Affirmed.*

Justices Wolf, del Toro, Aldrey and Hutchison concurred.